UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>FORTUNATO SOLORIO-HERNANDEZ,<br><br>   Defendant. | CASE NO. 24-MJ-05154-DWC-BHS<br><br>ORDER |

This matter is before the Court on Defendant Solorio-Hernandez's motion to revoke the detention order, Dkt. 19. The Court reviewed the following in arriving at its decision:

1. Detention Order Pending Trial. Dkt. 14.

2. Motion to Revoke Detention Order. Dkt. 19. [1]

3. Transcript of Proceedings before Magistrate Judge Fricke. Dkt. 19-1.

4. United States' Opposition to Motion to Revoke Detention Order. Dkt. 21.

---

[1] Solorio-Hernandez sought leave to file an overlength motion, Dkt. 18, in support of his motion to revoke the detention order, Dkt. 19. The motion to file the overlength month, Dkt. 18, is hereby **GRANTED**.

ORDER - 1

    5.  Defendant's Reply to the Government's Response. Dkt. 22.

    6.  Pretrial Report. Dkt. 4.

    7.  First Supplemental Pretrial Report. Dkt. 10.

## I. BACKGROUND

In 2017, US Immigration and Customs Enforcement (ICE) deported Solorio-Hernandez to Mexico after an immigration judge ordered him removed. Dkt. 1 at 5. He was informed he was prohibited from entering the United States for the next 10 years. *Id.* In 2019, law enforcement officials in Vancouver, Washington arrested him on outstanding warrants and ICE again removed him to Mexico. *Id.* at 6. His ban on reentering the United States was extended to 20 years. *Id.* at 7. In 2023, Solorio-Hernandez was arrested after a domestic violence incident with his then girlfriend in Clark County, Washington. *Id.* at 7. He served three months in jail after being convicted under state law for Unlawful Possession of a Firearm in the Second Degree. *Id.* at 8. ICE learned of his unlawful reentry into the United States while he was in jail. *Id.*

In October 2024, ICE arrested Solorio-Hernandez for unlawfully reentering the United States. Dkt. 1. The United States moved for Solorio-Hernandez's detention, alleging he was both a flight risk and danger to the community. Dkts. 7, 19-1 at 6. It argued he had a "history of evasion," pointing to two dismissed bail jumping charges in 2019, failure to report for a work crew portion of a state sentence, and several occasions in which Solorio-Hernandez failed to comply with law enforcement orders. Dkt. 19-1 at 7–8. For example, it mentioned that in 2024, when "local law enforcement officers responded to an incident of attempted assault," Solorio-Hernandez "shut himself in an

apartment and did not comply with officers' requests to come out." *Id.* at 8. Solorio-Hernandez responded that he was not a flight risk in part because of strong family ties to the Vancouver area; he attended high school in Vancouver and his wife and children live there. *Id.* at 16, 20-24.

Magistrate Judge Theresa L. Fricke ordered him to be detained. Dkt. 13. Despite his connections to Vancouver, the Court concluded that Solorio-Hernandez was a flight risk because he "already had these occurrences of going to and from the United States and not complying with court orders to stay out of the United States." Dkt. 19-1 at 40. The Court clarified that its decision did not account for his "pure status . . . as a person who is not lawfully in the United States." Dkt. 19-1 at 37.

Solorio-Hernandez moves to revoke the detention order and set conditions of release. Dkt. 13. He argues the United States has not met its burden of proof that he presents a serious flight risk or that no combination of release conditions can mitigate any risk of flight. *Id.*

## II.  DISCUSSION

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When reviewing a detention order, a district court "should review the evidence before the magistrate [judge] and make its own independent determination, . . . with no deference." *United States v. Koenig*, 921 F.2d 1190, 1193 (9th Cir. 1990).

Pursuant to the Bail Reform Act, a defendant may be released before trial, subject to certain conditions, unless a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(a), (e). The Court must perform an "individualized determination" of the defendant's risk of flight. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). The Bail Reform Act requires the Court to consider four factors when considering the question of pretrial detention. These include the nature and circumstances of the offense charged, weight of evidence against the person, the history and characteristics of the person—including family ties and past conduct, and the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g). The defendant's immigration status "may be taken into account, but it is not dispositive." *Santos-Flores*, 794 F.3d at 1090. The Government must show by a preponderance of the evidence that the defendant presents a flight risk. *Id.*

The Ninth Circuit's decision in *Santos-Flores* is instructive. The court there affirmed a detention order put in place for a defendant charged with illegal reentry into the United States. *Id.* at 1089. Though the defendant had strong community ties, his "latest entry into the United States" was unlawful. *Id.* at 1092. Weighing the "totality of the evidence," which included a prior charge of failure to appear and other arrests, the court concluded the defendant was a flight risk. *Id.* at 1093.

The Court concludes several of the factors set out in the Bail Reform Act weigh in favor of detention in this case. The first factor, the nature and circumstances of the offense, weighs in favor of detention. While the alleged crime is not among the most

serious, it is one that alleges conduct of disregarding prior court orders. The second factor is the weight of the evidence. While the least important factor, the evidence is substantial and weighs slightly in favor of detention. Third, the Court looks to the history and characteristics of the defendant. Solorio-Hernandez was convicted of assault in 2016 and unlawful possession of a firearm in 2023. He has ties to the Vancouver community but according to the Pretrial Services Report, "his background and ties to this district remain mostly unknown." Dkt. 10 at 4. He declined to answer several questions from Probation regarding his family and employment history. *Id.* at 2–3. This factor weighs in favor of detention. Finally, the Court is to consider the nature and seriousness of the danger to any person or community that would be posed by the defendant's release. While there is some concern about his dangerousness, the Court does not find by clear and convincing evidence that he poses such a danger that could not be reasonably mitigated by conditions of release. This factor is neutral.

Ultimately, the Court agrees with Judge Fricke's asking whether Solorio-Hernandez "does have multiple unlawful entries [that] would suggest that he would not follow court orders and that he would have every reason to want to avoid detection because he doesn't want to go back to Mexico." Dkt. 19-1 at 42. Judge Fricke clearly answered that question in the affirmative by a preponderance of the evidence and ordered him detained. *Id.*

Through de novo review, the Court agrees. Solorio-Hernandez poses a flight risk and there are no conditions or set of conditions that could reasonably assure his presence in court. The motion is denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Solorio-Hernandez's motion to revoke detention order, Dkt. 19, is **DENIED**.

Dated this 12th day of November, 2024.

BENJAMIN H. SETTLE
United States District Judge